# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JEREMY FIELDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02744-TLP-tmp |
| v. ) | |
| ) | JURY DEMAND |
| F. MCCLOUD, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER PARTIALLY DISMISSING COMPLAINT WITHOUT PREJUDICE AND GRANTING LEAVE TO AMEND THE COMPLAINT

Plaintiff Jeremy Fields[1] sues Defendants pro se under 42 U.S.C. § 1983. (ECF No. 1.) The complaint names these Defendants: (1) Kirk Fields, the Chief Jailer of CJC; (2) Floyd Bonner, the Sheriff of CJC; (3) the Board of Supervisors of CJC; (4) Mr. McCloud, a Correctional Deputy Officer at CJC; and (5) Mr. Hale, Direct Response Team Officer at CJC. (ECF No. 1-1 at PageID 4–5.) For the reasons below, the Court **DISMISSES WITHOUT PREJUDICE** all of Plaintiff's claims except for his excessive force claim. Plaintiff may, if he wishes, amend the complaint within 30 days of the entry of this order.

## BACKGROUND

Plaintiff asserts that Defendants violated his constitutional rights when two CJC correctional officers used excessive force after transporting him to the facility's medical office in August 2019. (ECF No. 1 at PageID 2.) He alleges that after Defendant Hale escorted him into

---

[1] Fields is in state custody, Tennessee Department of Correction prisoner number 19115118. Tennessee is housing him currently at the Shelby County Criminal Justice Center ("CJC") in Memphis, Tennessee.

the medical office, Defendant McCloud entered the room and struck him in the head with handcuffs while Defendant Hale watched. (*Id.*; ECF No. 1-2 at PageID 6.) Plaintiff seeks $2.5 million in compensatory damages, $2.5 million in punitive damages, and relief "to prevent this from happening to other inmates." (ECF No. 1 at PageID 3.)

## LEGAL STANDARDS

**I.        Screening Requirements Under 28 U.S.C. § 1915A**

The Court has to screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1)  is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2)  seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  And, Federal Rule of Civil Procedure 8 provides guidance on this issue.  Even though Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled

to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord slightly more deference to pro se complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). That said, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

## II.     Requirements to State a Claim Under 42 U.S.C. § 1983

Plaintiff sues under 42 U.S.C. § 1983. To state a claim under that statute, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). For his claims to proceed, Plaintiff must satisfy these requirements.

## ANALYSIS

## I.     Official Capacity Claims

Plaintiff does not specify whether he sues Defendants in their official or individual capacities. (*See* ECF No. 1.) The Sixth Circuit requires a plaintiff to "set forth clearly in their pleading that they are suing the state defendants in their individual capacity for damages, not

simply in their capacity as state officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F2d at 593).

As for Defendants Hale and McCloud, Plaintiff alleges their personal involvement in the incident.  (ECF No. 1 at PageID 2.)  Plaintiff alleges supervisory responsibility of Defendants Bonner and Fields.  (ECF No. 1-1 at PageID 4.)  The Court therefore liberally construes the complaint as suing Defendants Hale, McCloud, Bonner, and Fields in both their official and individual capacities and the Board of Supervisors in its official capacity.

First, if Plaintiff asserts official capacity claims against Defendants as County employees, the Court construes his claims as claims against Shelby County.  *See Arsan v. Keller*, 784 F. App'x 900, 909 (6th Cir. 2019) ("An official-capacity claim is just a claim against the municipality.  In an official capacity action, the plaintiff seeks damages not from the individual officer(s), but from the entity for which the officer is an agent.") (internal citation and quotation marks omitted).  Courts will hold municipalities or counties liable *only* if a plaintiff sustained injuries under an unconstitutional custom or policy.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–92 (1978).

When plaintiffs assert § 1983 claims against municipalities or counties, courts must analyze two distinct issues:  (1) whether a constitutional violation caused plaintiff's harm ; and (2) if so, whether the municipality or county is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell*, 436 U.S. at 691 (emphasis in original); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.

4

1994). Courts hold municipalities responsible for constitutional deprivations only if there is a direct causal link between a municipal policy or custom and the alleged deprivation. *Monell*, 436 U.S. at 691–92; *Deaton v. Montgomery Co., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).

To show municipal liability, Plaintiff must "(1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to the execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed to distinguish acts of the municipality from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479–80 (1986) (emphasis in original)).

Even liberally construing the complaint, the Court finds that Plaintiff does not allege that the incident occurred because of an unconstitutional policy or custom of Shelby County. Rather, he describes the conduct that Defendants Hale and McCloud personally elected to undertake— independent of any Shelby County policies and procedures for transport of inmates to medical facilities. So the complaint fails to state a valid § 1983 claim against Shelby County.

And if Plaintiff intends to suggest that Defendants were, at the relevant time, employed by the State of Tennessee, the Court treats those official capacity claims as against the State of Tennessee. According to Plaintiff's allegations, Defendants were employed by the State of Tennessee at the relevant time. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). But Plaintiff does not state a valid claim against the State of Tennessee.

A suit against a state agency or an individual in his official capacity is a suit against the state itself. *See Puckett v. Lexington-Fayette Urban Cty. Gov't*, 833 F.3d 590, 598 (6th Cir.

2016).  The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  Courts construe the Eleventh Amendment to prohibit citizens from suing their own states in federal court.  *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation.  But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)).  Tennessee has not waived its sovereign immunity here and therefore Plaintiff may not sue the state for damages.  *See* Tenn. Code Ann. § 20-13-102(a).  Moreover, a state is not a person under 42 U.S.C. § 1983.  *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.[2]

---

[2] The only exceptions to this official capacity general rule are prospective injunctive relief claims to end an official's continuing violation of federal law.  *Barbaro v. 42 U.S.C. 654(3) Alone, and Apart Child Support Program*, No. 18-2837, 2018 WL 4726201, at *6 (W.D. Tenn. July 26, 2019) (citing *Ex Parte Young*, 209 U.S. 123, 159-60 (1908)).  "[O]fficial-capacity actions for prospective relief are not treated as actions against the State."  *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Young*, 209 U.S. at 123).  Yet any official capacity injunctive relief claims that Plaintiff intends to assert do not benefit from this exception.  He does not allege that any Defendants are now engaging in any continuing violation of federal law.  Instead, the pertinent conduct in the complaint is confined to the Incident.  He does not allege facts suggesting injuries arising from implementation of a policy or custom that is attributable to the State or the prison, as required for an official-capacity claim against a government entity.  See *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

For these reasons, Plaintiff's official capacity claims fail to state a claim upon which compensatory, punitive, or injunctive relief can be granted, and such claims are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## II.     Individual Capacity Claims Against Defendants Bonner and Fields

Plaintiff contends that Sheriff Bonner is "legally responsible for the actions of the Correction Deputy Officers of [CJC]" and that Chief Jailer Fields is "legally responsible for the operation of [CJC] and for the welfare of all the inmates in that prison." (ECF No. 1-1 at PageID 4.). These assertions are claims based on *respondeat superior* and that is not a proper basis for relief here.

First, under § 1983 "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

> There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinates.

*Bellamy*, 729 F.2d at 421 (citation omitted). Generally, a plaintiff cannot hold a supervisory official liable in his official capacity even if that official is aware of the unconstitutional conduct of his subordinates and fails to act. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Gregory v. City of Louisville*, 444 F.2d 725, 751 (6th Cir. 2006); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 727–28 (6th Cir. 1996). What is more, a failure to take corrective action in response to an

inmate grievance or complaint does not supply the necessary personal involvement for § 1983 liability.  *See Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003).  In short, supervisory capacity, standing alone, cannot support a § 1983 claim.  *See Iqbal*, 556 U.S. 676; *Bellamy*, 729 F.2d at 421.  Plaintiff's contentions that Defendants Bonner and Fields are "legally responsible" for the CJC's operations and its correctional officers' conduct do not set forth a cognizable claim under § 1983, and he does not allege they encouraged or participated in the incident.

Second, a damages suit under § 1983 requires that a defendant acting under color of state law be personally involved in the alleged constitutional deprivation.  *See Heyerman v. Cty. Of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior") (citations omitted); *Murphy v. Greiner*, 406 F. App'x 972, 974 (6th Cir. 2011) ("Personal involvement is necessary to establish section 1983 liability."); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995) ("Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability."); *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (holding that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants").

Plaintiff does not allege that Defendants Bonner or Fields personally played any role in this incident.

The Court therefore **DISMISSES WITH PREJUDICE** Plaintiff's claims against Defendants Bonner and Fields for failure to state a claim under 28 U.S.C. §§ 1915€(2)(B)(ii) and 1915A(b)(1).

### III. Claim Against the Board of Supervisors

Plaintiff argues that the CJC's Board of Supervisors (Board) is "legally responsible for monitoring the operation of [CJC]." (ECF No. 1-1 at PageID 4.) If seeks to hold the Board liable as a part of the CJC, his claims fail. A jail is not a "person" subject to suit under § 1983. *Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that "the Shelby County Jail is not an entity subject to suit under § 1983"); *Dowdy v. Shelby Cty. Sheriff's Office*, No. 18-2310, 2019 WL 3948110, at *2 (W.D. Tenn. Aug. 21, 2019).

Even if the Court were to construe Plaintiff's claim against the Board as a claim against Shelby County itself, that does not alter the result. For the reasons noted above in Section I, Plaintiff does not state a valid § 1983 claim alleging municipal liability against Shelby County. And Plaintiff cannot use the *respondeat superior* doctrine to hold Shelby County liable under § 1983 for the unconstitutional conduct of the Board members' subordinates. These allegations amount to nothing more than that.

For these reasons, the allegations against the Board fail to state a claim for relief and are **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### IV. Individual Capacity Claims Against Defendants Hale and McCloud for Excessive Force

Plaintiff alleges that during the incident Hale escorted him to CJC's medical office in handcuffs. Defendants Hale and McCloud entered the room, they closed the door, and they came towards him "with aggression." Defendant McCloud told Plaintiff, "I got you now bitch." (ECF No. 1 at PageID 2.) Defendant McCloud pulled out handcuffs, placed them around his fist, and "swung" them, "attempting to strike [Plaintiff's] face." (*Id.*) Plaintiff lowered his head and was struck by Defendant McCloud's fist. Plaintiff fell to the floor. Defendant McCloud stood over him, "striking [Plaintiff] again." (*Id.*) According to Plaintiff, Defendant Hale "watch[ed] the

9

whole incident without preventing it." Defendants Hale and McCloud then left Plaintiff "bleeding badly," and he later "was sent to outside medical" for his injuries. (*Id.*)

Because Plaintiff was a pretrial detainee at the time of this incident, the Court analyzes his excessive force under the Fourteenth Amendment's standard of objective reasonableness. This standard "turns on the 'facts and circumstances of each particular case.'" *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). Under the objective reasonableness inquiry, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397 (citations omitted). Applying this standard requires consideration of these factors:

> [T]he relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting.

*Kingsley*, 135 S. Ct. at 2473. This non-exhaustive list reveals some of the "objective circumstances potentially relevant to a determination of excessive force." *Id.*

Although prison officials have a right to use physical force to compel obedience by inmates, *see*, *e.g.*, *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992), that right is not unlimited. At this stage, the Court accepts Plaintiff's allegations as true. Those allegations at least suggest that Defendants Hale's and McCloud's actions here amounted to more than reasonably necessary to compel obedience. Plaintiff claims that he suffered a head injury and bleeding from being struck with handcuffs and fists during the Incident. (ECF No. 1 at PageID 2.) He states that he "was sent to outside medical for [his] injuries." (*Id.*) While short on

particularized details or independent support for his allegations, Plaintiff has at least sufficiently alleged that the use of force against him was not objectively reasonable.

For these reasons, Plaintiff's excessive force claim against Defendants Hale and McCloud **SHALL PROCEED**.

## V.     Prospective Relief Claims

Plaintiff seeks "to prevent this from happening to other inmates," by requesting prospective relief.  (ECF No. 1 at PageID 3.)  But the Court cannot afford the relief he seeks.

First, if his claim is based on conduct or conditions that are no longer at CJC, this claim is moot.  "Article III of the Constitution limits the judicial power to the adjudication of 'Cases' or 'Controversies.'"  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 137 (2007) (citing U.S. Const., art. III, § 2).  This is "a cradle-to-grave requirement that must be met in order to file a claim in federal court and that must be met in order to keep it there."  *Fialka-Feldman v. Oakland Univ. Bd. of Trs.*, 639 F.3d 711, 713 (6th Cir. 2011).  "[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."  *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (internal quotation marks omitted); *see also Coalition for Gov't Procurement v. Fed. Prison Indus., Inc.*, 365 F.3d 435, 458 (6th Cir. 2004) ("Under the 'case or controversy' requirement, we lack authority to issue a decision that does not affect the rights of the litigants."); *Sw. Williamson Cty. Cmty. Ass'n, Inc. v. Slater*, 243 F.3d 270, 276 (6th Cir. 2001) (same).

Second, if his claim is based on conduct or conditions that he thinks might occur in the future, he does not set forth a cognizable claim.  When a plaintiff seeks injunctive relief, he/she must show that there is a non-speculative, imminent threat of ongoing or repeated injury to

11

establish that there is a redressable injury-in-fact. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *Fieger v. Mich. Supreme Court*, 553 F.3d 955, 966 (6th Cir. 2009). "Redressability...requires 'that prospective relief will remove the harm,' and the plaintiff must show 'that he personally would benefit in a tangible way from the court's intervention." *American Civil Liberties Union v. Nat'l Sec. Agency*, 493 F.3d 644, 670 (6th Cir. 2007) (quoting *Warth v. Seldin*, 422 U.S. 490, 505, 508 (1975)).  The reality of the threat of repeated injury to "other inmates" (ECF No. 1 at PageID 3), *see Lyons*, 461 U.S. at 107 n.8, is highly speculative. Even liberally construing the complaint, Plaintiff does not show a facially plausible basis to conclude that he faces a non-speculative, imminent threat of repeated injury related to or like the putative incident.

Third, if Plaintiff seeks relief on behalf of inmates other than himself, he lacks standing. Such claims fail to allege that Defendants' conduct personally harmed him.  One of the three elements of standing is that "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote, and citations omitted).  "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted).  Unless Plaintiff suffered an actual injury, he "was not the aggrieved party, [and] he lacks standing" to sue.  *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001). His request to prevent harm to "other inmates" (ECF No. 1 at PageID 3), does not show actual injury to him.

For these reasons, Plaintiff's claim for prospective relief fails to state a claim for relief and is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). But courts need not grant leave to amend where an amendment cannot cure the deficiency. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts.").

The Court grants Plaintiff leave to amend his complaint, if he chooses to do so. The Court advises Plaintiff that any amendment will supersede his prior filings and must be complete in itself without reference to the prior pleadings. Plaintiff must sign an amended complaint , and the text of the amended complaint must allege enough facts to support each claim without reference to any extraneous document. Plaintiff must identify any exhibits by number in the text of the amended complaint and must attach them to the complaint. All claims alleged in an amended complaint must arise from the facts originally alleged. Plaintiff must

state each claim for relief in a separate count and must identify each Defendant sued in that count.

## **CONCLUSION**

For all the reasons explained above, the Court **DISMISSES WITHOUT PREJUDICE** the complaint's official capacity claims, the individual capacity claims against Defendants Bonner and Fields, the claim against the Board of Supervisors, and the prospective relief claim for failure to state a claim on which relief can be granted and for seeking monetary relief from a Defendant that is immune from that relief, under 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii) and 1915A(b)(1)–(2).  The Court does, however, **GRANT** Plaintiff leave to amend his complaint, if he wishes.  Plaintiff has 30 days from the entry of this Order to file an amended complaint.

Plaintiff's individual capacity claims against Hale and McCloud for excessive force may **PROCEED**.

**SO ORDERED**, this 28th day of September, 2020.

                                    s/Thomas L. Parker
                                    THOMAS L. PARKER
                                    UNITED STATES DISTRICT JUDGE